# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **CHARLES JAMES RICHTER,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | CIVIL ACTION NO. _____ |
| **CARVANA, LLC and** | § | |
| **DONZELL EL TORO SLEDGE,** | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, CHARLES JAMES RICHTER (hereinafter referred to as "PLAINTIFF"), and files this his Original Complaint complaining of CARVANA, LLC (hereinafter referred to as "CARVANA" or "Defendant") and DONZELL EL TORO SLEDGE (hereinafter referred to as "SLEDGE" or "DEFENDANT"), and for cause of action would respectfully show unto the Court as follows:

## I.
## Jurisdiction and Venue

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff is a citizen of the State of Texas. The Defendant, CARVANA, LLC is a foreign corporation, is not a citizen of Texas

and its principle office is in the State of Arizona. Defendant, DONZELL EL TORO SLEDGE, is not a citizen of Texas and is a citizen of the State of Alabama.

(2) Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## Parties

(3) The Plaintiff is an individual whose address is 2363 FM 16 West, Tyler, Texas 75706.

(4) The Defendant, CARVANA, LLC, is a Corporation who is based in Arizona, engages or has engaged in business in the State of Texas.  This lawsuit arises out of the business done in this state and to which said Defendant is a party.  Therefore, under Section 17.044 of the Texas Civil Practice and Remedies code, substituted service on said Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P. O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's Registered Agent for Service, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.  Service of said Defendant as described above can be perfected by Certified Mail, Return Receipt Requested.

(5) The Defendant, DONZELL EL TORO SLEDGE is an individual who is a non-resident of Texas, engages or has engaged in business in the state of Texas, but does not maintain a regular place of business or a designated agent for service of process.  This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies code,

substituted service on said Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P. O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home at Donzell El Toro Sledge, 3201 Scaleybark Drive, Adamsville, Alabama 35005. Service of said Defendant as described above can be perfected by Certified Mail, Return Receipt Requested.

### III.
### Factual Allegations

(6) On or about June 28, 2017, Plaintiff, CHARLES JAMES RICHTER, was driving a truck tractor westbound in the 17100 block of Interstate 20 West and was coming to a stop due to traffic when he was struck by a truck tractor vehicle being driven by Defendant SLEDGE. Defendant SLEDGE was driving a truck tractor owned by Defendant, CARVANA, LLC and struck Plaintiff's vehicle, causing Plaintiff to be injured. The Defendant, SLEDGE, was driving with permission, in the course and scope of his employment with his employer, Defendant, CARVANA, LLC, a tractor owned by the Defendant, CARVANA, LLC. By striking Plaintiff's vehicle Defendant, SLEDGE caused Plaintiff to sustain personal injuries as a result of the occurrence.

(7) At all times relevant to this lawsuit, Defendant, SLEDGE, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(8) At all times relevant to this lawsuit, Defendant, CARVANA, was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(9) At all times relevant to this lawsuit, Defendant, CARVANA, was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(10) At all times relevant to this lawsuit, Defendant, CARVANA, was an employer" as defined by 49 C.F.R. §390.5.

(11) At all times relevant to this lawsuit, Defendant, SLEDGE, was an "employee" of Defendant, CARVANA, as per 49 C.F.R. §390.5.

(12) Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, SLEDGE, was an employee of Defendant, CARVANA, and operating a commercial motor vehicle on behalf of Defendant, CARVANA, under and by the authority of Defendant, CARVANA, pursuant to Defendant, CARVANA'S, Federal DOT Number - 2386128.

## IV.
## Cause of Action:  Defendant SLEDGE

(13) Plaintiff incorporates by reference paragraphs 1 through 12 above.

(14) Plaintiff alleges that Defendant, SLEDGE, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendant:

   a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

   b. In failing to timely and properly apply his brakes as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

    c. In failing to maintain a safe distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

    d. In failing to watch out for vehicles behind Defendant's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

    e. In failing to properly and prudently control the speed of Defendant's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

    f. Defendant was negligent in other respects.

**V.**
**Cause of Action:  Defendant CARVANA**

(15) Plaintiff incorporates by reference paragraphs 1 through 14 above.

(16) Plaintiff would further show that at the time of the accident made the basis of this lawsuit, Defendant, SLEDGE, was an employee of Defendant, CARVANA, and acting within the course and scope of his employment for Defendant CARVANA, and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiff hereby invokes the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of Defendant, SLEDGE, is imputed to Defendant, CARVANA, and Defendant, CARVANA, is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(17) Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, SLEDGE, was, and is considered a statutory employee of Defendant, CARVANA, pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, CARVANA, is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

(18) Plaintiff would further show that prior to the time the collision occurred, Defendant, CARVANA, was the owner and was in possession, custody and control of the truck tractor driven by Defendant, SLEDGE, on the date of the accident made the basis of this lawsuit. On or about June 28, 2017, Defendant, CARVANA, directed Defendant, SLEDGE, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendant, SLEDGE, operated said vehicle with the knowledge, consent and permission of Defendant, CARVANA.

(19) Plaintiff would further show that Defendant, CARVANA, was the owner of the vehicle that was being driven by Defendant, SLEDGE at the time of the accident made the basis of this lawsuit.  Defendant, CARVANA, was negligent in entrusting the vehicle to Defendant, SLEDGE, who was a careless, incompetent and reckless driver.  Defendant, CARVANA, knew or should have known that Defendant, SLEDGE, was a careless, incompetent and reckless driver.  Defendant, CARVANA, was negligent in entrusting the vehicle to its employee, Defendant, SLEDGE, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

(20) Plaintiff further alleges that Defendant, CARVANA, through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in

question.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, CARVANA:

    g.  In hiring and/or retaining its employee driver;

    h.  In allowing its employee to drive the vehicle in question; and

    i.  In failing to instruct, supervise, and control its employee driver.

(21) Plaintiff further alleges that Defendant, CARVANA, by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff. Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff.  Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.  In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## VI.
## **Damages**

(22) Plaintiff CHARLES JAMES RICHTER'S damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(23) Plaintiff respectfully requests a trial by jury on all issues.

(24) Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Dated: October 3, 2017.

          Respectfully submitted,

          **Negem & Worthington**
          1828 ESE Loop 323, Suite R-1A
          Tyler, Texas 75701
          903.595.4466 (Telephone)
          903.593.3266 (Facsimile)

          */s/ Joe M. Worthington*
          Joe M. Worthington
          Email: Joe@NegemLaw.com
          State Bar No. 22009950
          **ATTORNEYS FOR PLAINTIFF**